IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CASEY CONRAD NIXON,<br><br>Defendant. | CR 20-85-BLG-DLC<br><br>ORDER |

Before the Court is Defendant Casey Conrad Nixon's Motion to Dismiss Indictment. (Doc. 21.) Mr. Nixon moves this Court to dismiss the Indictment (Doc. 3) for failure to state an offense, or, alternatively, on Second Amendment grounds. (*Id.* at 1.) The Court denies the motion.

### BACKGROUND

On August 6, 2020, the United States charged Mr. Nixon with one count of making a false statement during a firearms transaction, in violation of 18 U.S.C. § 922(a)(6). (Doc. 3 at 1–2.) Specifically, the Indictment alleges:

> That on or about March 16, 2020, at Billings and within Yellowstone County, in the State and District of Montana, the defendant CASEY CONRAD NIXON, in connection with his acquisition of a firearm from First National Pawn, a licensed firearms dealer, knowingly made a false and fictitious written statement to that dealer which was likely to deceive First National Pawn, as to a fact material to the lawfulness of such acquisition of said firearm by the defendant under chapter 44 of Title 18, that is, the defendant represented on an ATF Firearms

1

Transaction Record Form 4473 that he was not subject to a court order restraining him from harassing, stalking, or threatening a child or intimate partner, when in truth and fact, he was subject to an Order of Protection in Yellowstone County District Court in case number DR 18-0632, in violation of 18 U.S.C. § 922(a)(6).

(*Id.*) In response, Mr. Nixon has moved to dismiss the Indictment (Doc. 3) on Rule 12 and Second Amendment grounds. (Doc. 21.)

## ANALYSIS

### I. Dismissal on Rule 12 Grounds.

The Federal Rules of Criminal Procedure authorize a motion to dismiss an indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). In adjudicating such a motion, the Court's inquiry is restrained in several important respects. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). First, the Court "is bound by the four corners of the indictment." *Id.* Second, it "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id.* Finally, this Court cannot dismiss an indictment that is "sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).

In this way, Rule 12(b)(3)(B)(v) "is not the proper way to raise a factual defense." *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). Factual defenses are properly advanced through a Rule 29 motion which seeks a judgment

of acquittal after the United States' presentation of its case to the jury. *Id.* at 670. This important distinction between Rule 12 and Rule 29 motions ensures that "the respective provinces of the judge and jury are respected." *Id.* Based on the foregoing, the Court can describe the Rule 12(b)(3)(B)(v) inquiry as follows—taking the allegations in the Indictment as true, does it state an offense or not? *Boren*, 278 F.3d at 914. The Court concludes it does.

Mr. Nixon maintains that the Indictment fails to state an offense because the underlying order of protection lacks the "explicit and detailed qualifying criteria" necessary to violate "the charged statute, 18 U.S.C. § 922(g)(8)."[1] (Doc. 22.) The United States responds by arguing that its Indictment sufficiently states the elements of a § 922(a)(6) offense. (Doc. 26.) The Court agrees.

As noted above, Rule 12 does not provide a platform for challenging the evidentiary sufficiency of the United States' case. But this is precisely what Mr. Nixon seeks to do. Mr. Nixon does not assert that taking the facts in the Indictment as alleged it fails to properly state the offense found within § 922(a)(6). Instead, he asserts that the United States has insufficient evidence to obtain a conviction because at the time he allegedly purchased a firearm from First National Pawn he was not subject to the sort of restraining order captured by § 922(g)(8).

---

[1] Notably, Mr. Nixon is not charged with violating 18 U.S.C. § 922(g)(8) and is instead charged with violating 18 U.S.C. § 922(a)(6). This oversight pervades Mr. Nixon's motion but ultimately has no effect on the outcome.

3

At this stage, the Court cannot engage with this argument on the merits.

Instead, as discussed at length above, when presented with a Rule 12(b)(3)(B)(v) motion, this Court looks to the Indictment to determine whether it properly states an offense. Here, the Indictment charges Mr. Nixon with violating § 922(a)(6). (Doc. 3.) This "federal statute imposes criminal penalties on any person who, in connection with a firearm's acquisition, makes false statements about any fact material to the lawfulness of the sale." *Abramski v. United States*, 573 U.S. 169, 171 (2014).

A § 922(a)(6) offense has four elements: (1) the seller was a licensed firearms dealer; (2) in connection with acquiring a firearm from the seller, the defendant made a false statement; (3) the defendant knew the statement was false; and (4) the false statement was material; that is, the false statement had a natural tendency to influence, or was capable of influencing the seller into believing that the firearm could be lawfully sold to the defendant. *United States v. Meech*, 2020 WL 5847011, *6 (D. Mont. 2020) (citing 9th Cir. Pattern Jury Instr. § 8.58). The Indictment adequately states this offense.

The Indictment in this case alleges that: (1) First National Pawn is "a licensed firearms dealer"; (2) Mr. Nixon "in connect with his acquisition of a firearm from First National Pawn . . . made a false and fictitious written statement"; (3) this false statement was made "knowingly"; and (4) this false

statement "was likely to deceive First National Pawn, as to a material fact to the lawfulness of" his ability to acquire such "firearm . . . under chapter 44 of Title 18." (Doc. 3 at 1–2.)  Comparing the above-enumerated elements to these allegations, the Court has little trouble concluding that the Indictment adequately states the offense proscribed by § 922(a)(6).

To be clear, although proceeding under Rule 12(b)(3)(B)(v), Mr. Nixon's motion does not necessarily argue to the contrary.  (*See generally* Doc. 22.)  Instead, as noted above, Mr. Nixon contends that the Indictment should be dismissed because the United States' supporting evidence is factually insufficient to sustain a conviction.  But as discussed already at length, this evidentiary inquiry is forbidden at the Rule 12 stage and the Court will not undertake it here.[2]  Having concluded the Indictment properly states an offense, the Court turns to the final issue presented in Mr. Nixon's motion—whether this prosecution violates his Secondment Amendment rights.  It does not.

    **II.**    **Dismissal on Second Amendment Grounds.**

Mr. Nixon's Second Amendment challenge suffers from a misreading of the Indictment.  Even though the Indictment clearly charges Mr. Nixon with violating § 922(a)(6), his entire argument is that, as applied to him, § 922(g)(8) is

---

[2] Indeed, it is telling that the case on which Mr. Nixon rests his entire argument, *United States v. Sanchez*, 639 F.3d 1201 (9th Cir. 2011), involves review of a district court's denial of a judgment for acquittal brought under Rule 29, not a Rule 12 motion like the one before the Court here.

unconstitutional. (Doc. 26 at 9–14.) This case's connection to § 922(g)(8)—which prohibits individuals subject to certain restraining orders from possessing firearms—is not lost on the Court. The United States' case is that Mr. Nixon lied about being such a prohibited person when he allegedly acquired a firearm from First National Pawn in March 2020. (Doc. 3 at 1.) If an as applied challenge to § 922(g)(8) were successful in this case, the Court is skeptical a § 922(a)(6) prosecution could avoid the same fate. Accordingly, the Court will examine Mr. Nixon's Second Amendment challenge, despite its focus on § 922(g)(8).

That said, Mr. Nixon's Second Amendment argument remains tough to track. (Doc. 22 at 11–12.) At the outset, Mr. Nixon is clear that he is not challenging the facial validity of § 922(g)(8), recognizing that "most facial attacks to all the various subsections of 18 U.S.C. § 922(g) have failed." (Doc. 22 at 11.) Construed in the most favorable light, Mr. Nixon is advancing an as-applied challenge to § 922(a)(6), by way of § 922(g)(8), on the grounds that because he does not actually meet the definition of a prohibited person under § 922(g)(8) treating him as such would violate the Second Amendment. (*Id.*) This argument largely mirrors his first argument, maintaining that evidence in this case is insufficient to establish he was a prohibited person within the meaning of § 922(g)(8) at the time he allegedly purchased a firearm from First National Pawn.

At this stage, the Court can dispose of Mr. Nixon's as-applied Second

Amendment challenge through logic alone. If the United States fails to meet its burden of establishing that at the time Mr. Nixon allegedly purchased a firearm from First National Pawn he was a prohibited person under § 922(g)(8), then no conviction can be sustained under the theory of this § 922(a)(6) prosecution. No conviction means no punishment, and no punishment means no Second Amendment violation.

Put another way, taking Mr. Nixon's Second Amendment argument as alleged, he is contending that it would be unconstitutional to punish him for failing to indicate he was a prohibited person under § 922(g)(8) on an ATF Form 4478 because he was not actually a prohibited person within the meaning of that statute. The Court understands Mr. Nixon's position, but does not agree this result is possible. As noted above, if Mr. Nixon was not subject to the sort of restraining order within the scope of § 922(g)(8) at the time he allegedly purchased a firearm from First National Pawn then the United States will be unable to establish an essential element of its case and no conviction can be sustained. In short, the Second Amendment is not implicated by this motion.

Accordingly, IT IS ORDERED that the motion (Doc. 21) is DENIED.

DATED this 15th day of March, 2021.

_____
Dana L. Christensen, District Judge
United States District Court