IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20–85–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| CASEY CONRAD NIXON, | |
| Defendant. | |

Before the Court is Defendant Casey Conrad Nixon's Unopposed Motion for Return of Seized Firearm[1] (Doc. 44), the United States' Response (Doc. 49), and Mr. Nixon's Reply (Doc. 51).  In response to this Court's order (Doc. 47), the United States explained that it objected to the release of the firearm at issue to Mr. Nixon or his third-party designee "without further evidence of ownership" because the United States possessed evidence showing that the firearm was the property of the pawn shop from which it was seized.  (Doc. 49 at 2–4.)  In reply, Mr. Nixon explained that the pawn shop informed him that he did not currently owe them any money because the firearm was listed as "confiscated" in their records, but if the firearm were returned to the pawn shop, he would owe them $200 to redeem it.

---

[1] The firearm at issue is identified as SHOTGUN FIREARM REMINGTON VERSAMAX, #RT93298A, 12 GA, POLY STOCKS RUBBED 3 ½ BEAD FRONT SIGHT CUT BUTT PAD. (Doc. 44 at 2.)

(Doc. 51 at 4.)  Mr. Nixon paid the pawn shop $200 in advance and attached to his reply a copy of the receipt indicating that the account is paid in full.  (*Id.* at 5; Doc. 51-1.)  Mr. Nixon represents that his designated third party, Dr. Ralph Matthews, has provided his information to the Bureau of Alcohol, Tobacco, and Firearms ("ATF") and is willing to provide the information necessary for the ATF to determine whether he is prohibited from possessing a firearm.  (Doc. 51 at 5.)

It appears that the United States' chief concern—the pawn shop's property interest in the firearm—has been extinguished by Mr. Nixon's payment. Accordingly,

IT IS ORDERED that the ATF is prohibited from returning the firearm identified as SHOTGUN FIREARM REMINGTON VERSAMAX, #RT93298A, 12 GA, POLY STOCKS RUBBED 3 ½ BEAD FRONT SIGHT CUT BUTT PAD to First National Pawn in Billings, Montana.

IT IS FURTHER ORDERED that the ATF shall release the above-described firearm to Dr. Ralph Matthews if, after appropriate investigation, the ATF determines that Dr. Matthews is not a prohibited person.  If the firearm is released to Dr. Matthews, the ATF shall take all steps necessary to ensure that Dr. Matthews will retain possession of the firearm and will not return it to Mr. Nixon until Mr. Nixon is no longer a prohibited person under federal or state law and may lawfully possess a firearm.

IT IS FURTHER ORDERED that the United States' Motion for Leave to File Under Seal (Doc. 50) is GRANTED.  The Clerk is directed to seal Exhibit A to the United States' Response (Doc. 49-1).

DATED this 1st day of February, 2022.


_____
Dana L. Christensen, District Judge
United States District Court