IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20–85–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| CASEY CONRAD NIXON, | |
| Defendant. | |

    Before the Court are the United States' Notice to Court Regarding Evidence Disposition (Doc. 53) and Notice to Court Regarding Correspondence with Nixon's Designee (Doc. 54). These notices indicate that although the United States has made a significant effort to comply with the Court's Order requiring the ATF to release Mr. Nixon's firearm to Dr. Ralph Matthews if he was determined to not be a prohibited person, Dr. Matthews refuses to take possession of Mr. Nixon's firearm. (Docs. 53, 54.) Although the first notice indicated that the United States may seek leave from the Court regarding disposition of the firearm (Doc. 53 at 3), the Court concludes that an interim order is appropriate.

    Accordingly, IT IS ORDERED that the Court's previous order requiring the ATF to release the firearm to Dr. Matthews (Doc. 52) is VACATED IN PART. The ATF is no longer ordered to release the firearm identified as SHOTGUN FIREARM REMINGTON VERSAMAX, #RT93298A, 12 GA, POLY STOCKS

1

RUBBED 3 ½ BEAD FRONT SIGHT CUT BUTT PAD to Dr. Matthews. The order (Doc. 52) otherwise remains in full force and effect.

IT IS FURTHER ORDERED that the ATF shall not destroy, administratively dispose of, or otherwise dispose of the above-described firearm for a period of six months from the date of the entry of this order, unless and until otherwise ordered by the Court.

This order is entered without prejudice to the United States' or Mr. Nixon's ability to file a motion concerning disposition of the property. If either party files a motion to release the firearm to a designee, that party shall indicate whether such designee has been approved to receive the firearm by the ATF.

DATED this 21st day of March, 2022.

_____
Dana L. Christensen, District Judge
United States District Court